## BALTIMORE CITY COURT.

Filed April 29, 1908.

JULIANNA UZMED
VS.
ADOLPH KRES.

*A. H. Gregorious* for plaintiff.
*Charles F. Stein* for defendant.

NILES, J.—

This case would seem to be governed by the case of Thompson vs. Clemens in 96 Md.

In that case, the Court of Appeals say: "We are of opinion that a landlord under a contract to repair may, under some circumstances, be liable for damages for personal injuries, by reason of a *negligent* failure to make repairs."

This declaration, although somewhat inartificial, seems to this court to set out in effect, that the relation of landlord and tenant existed between plaintiff and defendant; that the landlord was under contract to repair; that the premises were in a dangerous condition; that the landlord had examined them, and knew, or should have known, of the danger that he failed to make repairs; and that he did this "negligently." It also sets forth that the plaintiff used due and ordinary care.

If this be a fair construction of what is alleged in the declaration, it would seem to come fairly within the rule as laid down in the citation from Thompson vs. Clemens, above given, and sets forth sufficient facts to make the landlord liable, if found to be true by the jury. The dilemma into which the plaintiff is forced by the ruling in Thompson vs. Clemens seems to be this, viz: Even though the landlord be under contract to repair, he must have notice of the necessity of the repairs.

Now, the plaintiff must either know that repairs are necessary, or not know it. If he knows that the repairs are necessary, he is guilty of contributory negligence. If he does not know it, he cannot give the landlord notice.

But this dilemma only arises when the evidence is given, and simply makes it difficult for the plaintiff to support his allegations.

It does not seem to this court to render bad a narr, which contains the allegations that are found in the one now before it.

The demurrer is, therefore, overruled.